## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN MILWAUKEE DIVISION

ANNE STANCZAK ,                        )
                                       )
       Plaintiff,                    )
                                       )
       v.                            )  Case No. _____
                                       )
AT&T MOBILITY, LLC                     )
                                       )
       Defendant.                    )

## CLASS ACTION COMPLAINT

1. Plaintiffs Anne Stanczak is a resident of Kenosha County, Wisconsin residing at 10729 84th Place, Pleasant Prairie, Wisconsin.   Anne Stanczak is an individual consumer who is a customer of AT&T Mobility, LLC and specifically has purchased a wireless data plan that permits access to the internet by a radio device.

2. Defendant AT&T Mobility, LLC (hereafter "AT&T") is a Delaware corporation in good standing and is authorized to do business in Wisconsin.  Defendant AT&T Mobility, LLC maintains its principal place of business at 5565 Glenridge Connector, Glenridge Two, Atlanta, GA 30342, but may be served in  Wisconsin  by serving its registered agent at CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

3. Venue is proper in this Court as Plaintiff is a resident of Kenosha County.

4. On information and belief, Plaintiff and the Class have been damaged in an amount that exceeds $5 million in the aggregate.

## FACTS COMMON TO ALL COUNTS

5.  AT&T sells wireless data plans to consumers by contract on a monthly payment plan. The purchase of a wireless data plan permits purchasers of the plan to obtain access to the internet remotely either on a computer or on a so-called smart phone such as an I-Phone, a Blackberry, or a similar device.

6.  Where access is by computer only, AT&T charges a monthly fee for the use of a datacard. The datacard permits its user to connect a computer to the internet wirelessly through a radio device embedded in the computer or through a device that connects to the computer through a PCMCIA card or USB port.  The data card does not transmit voice or pictures independently of the internet.

7.   Where AT&T's wireless data plans are sold to owners of smart phones, AT&T bills for internet access with a separate line item on the AT&T monthly bill.  Generally speaking, the plans cost consumers $30 per month.  Plaintiff has such a plan and pays charges totaling approximately $30 per month to AT&T.

8.   For certain kinds of access, AT&T charges owners of smart phones $45 per month for internet access.  This plan permits users to access dedicated email servers through the internet.

9.   Section 77.52 (2)(a)(5.a.) of the Wisconsin Statutes, imposes a sales tax on "telecommunications service":

> 2) For the privilege of selling, licensing, performing or furnishing the services described under par. (a) at retail in this state, as determined under s. 77.522, to consumers or users, regardless of whether the consumer or user has the right of permanent use or less than the right of permanent use and regardless of whether the service is conditioned on continued payment from the purchaser, a tax is imposed upon all persons selling, licensing, performing or furnishing the services at the rate of 5% of the sales price from the sale, license, performance or furnishing of the services.
>
> (a) The tax imposed herein applies to the following types of services:...

2

5. a. <u>The sale of telecommunications and Internet access services, except services subject to 4 USC 116 to 126, as amended by P.L. 106-252, that either originate or terminate in this state</u>; except services that are obtained by means of a toll-free number, that originate outside this state and that terminate in this state; and are charged to a service address in this state, regardless of the location where that charge is billed or paid; and the sale of the rights to purchase telecommunications services, including purchasing reauthorization numbers, by paying in advance and by using an access number and authorization code, except sales that are subject to subd. 5. b.

5. a. <u>The sale of Internet access services</u>. [Wis. Stat. Ann. § 77.52 (West 2010); <u>emphasis added</u>]

10. Section 77.51 (21n)(f) of the Wisconsin Statutes, defines "telecommunications services" to exclude charges for internet access from sales tax.

(21n)  "Telecommunications   services"   means   electronically   transmitting, conveying, or routing voice, data, audio, video, or other information or signals to a point or between or among points. "Telecommunications services" includes the transmission, conveyance, or routing of such information or signals in which computer processing applications are used to act on the content's form, code, or protocol for transmission, conveyance, or routing purposes, regardless of whether the service is referred to as a voice over Internet protocol service or classified by the federal communications commission as an enhanced or value-added nonvoice data service. <u>"Telecommunications services" does not include any of the following</u>:

(f) <u>Internet access services.</u> [Wis. Stat. Ann. § 77.51 (West 2010); <u>emphasis added</u>]

11.  AT&T states the charges for internet access as a separate charge on its bills to customers.

12.  The Internet Tax Fairness Act, 47 U.S.C. § 151 (1998) as amended, bars state and local government from imposing taxes on internet access.  "No State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014: ... (1) Taxes on Internet access."

3

13. Under the Internet Tax Fairness Act, the phrase "internet access" means: "a service that enables users to connect to the Internet to access content, information, or other services offered over the Internet;  (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchased, used or sold.-- (i) to provide such service; or (ii)to otherwise enable users to access content, information or other services offered over the Internet[.]"

14. Section 77.61 (4)(c) of the Wisconsin Statutes permits a seller who collects sales tax to "deduct 0.5 percent of those taxes payable or $10 for that reporting period required under s. 77.58(1) and not more than $1,000 for that reporting period, whichever is greater, but not more than the amount of the sales taxes or use taxes that is payable under ss. 77.52 and 77.53(3) for that reporting period required under s. 77.58(1), as administration expenses..." [Wis. Stat. Ann. § 77.61 (West 2010)]

15. Despite the prohibition on taxation of internet access under Wisconsin and federal law, AT&T improperly and illegally charges its Wisconsin customers state and local sales tax on internet access on its monthly bills.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all Wisconsin consumers who entered into a contract with AT&T for the provision of internet access through a smart phone or a wireless data card.

17. The class consists of all Wisconsin consumers who contracted with AT&T to provide internet access through an AT&T system smart phone or an AT&T datacard who were charged tax on internet access.

18. Plaintiff Stanczak is a member of the class which she seeks to represent.

4

19. The class consists of thousands of individuals and therefore is so numerous that joinder is impracticable.

20. Plaintiff's claims are typical of the claims of the class because she and all members of the class have sustained damages as a result of AT&T's charging of sales tax for internet access.

21. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including but not limited to the following:

      a.   whether AT&T charged the Plaintiff and the Class sales tax on internet access in violation of the Wisconsin sales tax law;

      b.   whether AT&T's improper charging of sales tax constituted a breach of the covenant of good faith and fair dealing to the Plaintiff and the class under Wisconsin law;

      c.   whether AT&T's improper charging of sales tax violated Wisconsin law;

      d.   whether AT&T has been unjustly enriched by its retention of a portion of the sales tax as permitted by Wis. Stat. Ann. § 77.61;

      e.   whether AT&T should be enjoined from collecting sales tax on internet access.

      f.   Whether AT&T should be required to seek a refund of sales taxes paid to the Wisconsin tax authorities and to return any tax refund to Plaintiff and members of the Class.

22. All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

23. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained

5

competent and experienced counsel in complex class actions, mass tort and products liability litigation. Counsel is committed to the vigorous prosecution of this action.

24. The prosecution of separate actions by the Plaintiff and individual members of the Class against AT&T would create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

25. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

26. The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual cases to protect their rights. In the absence of a class action, AT&T will retain the benefits of its wrongdoing and will continue to collect sales tax improperly.

27. Class certification under Rule 23(b)(1) is appropriate because adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications.

28. Class certification under Rule 23(b)(2) is appropriate because AT&T has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole in that AT&T has refused to cease collecting sales tax for internet access.

29. Class certification under Rule 23(b)(3) is appropriate because the common issues of fact and law alleged herein are common to the Class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this controversy.

30. Class certification is also appropriate pursuant to Wisconsin law because, as set forth in the Complaint, AT&T has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class, thereby warranting appropriate injunctive and/or declaratory relief.

## COUNT I

## BREACH OF CONTRACT

31. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 32 of the Complaint.

32. AT&T and Plaintiff entered into a written contract.

33. The written contract is a form contract used by AT&T with all its customers similarly situated to Plaintiff.

34. The contract between AT&T and Plaintiff permits AT&T to charge for its services including internet access on a monthly basis and permits AT&T to charge Plaintiff for all applicable and legally due federal, state and local taxes.

35. The contract does not permit AT&T to charge for taxes that are not due under law, including taxes for access to the internet.

36. Despite the prohibition on state and local taxes imposed by the Internet Tax Fairness Act, AT&T charged Plaintiff sales tax for internet access.

37. In so doing, AT&T breached its contract with Plaintiff and the Class.

38. As a result of the breach of contract, Plaintiff and the Class were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiff and the Class.

39. The statute of limitations for breach of a written contract under Wisconsin law is six years. Wis. Stat. 893.43.

7

## COUNT II

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

40.  Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 41 of the Complaint.

41.  AT&T's breaches of the form Contracts with the Plaintiff and the Class, as alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiff and the Class, which is imputed into every Contract in   Wisconsin  under the common law of Wisconsin and the Restatement (Second) of Contracts §205.

42.  AT&T breached its duty of good faith and fair dealing to the Plaintiff and the Class by unfairly charging the Plaintiff and the Class state and local sales tax for internet access.

43.  The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiff and the Class economic damages.

## COUNT III

## VIOLATION OF SECTIONS 100.18 AND 421.102

44.  Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 45 of the Complaint.

45.  Sections 100.18 and 421.102 were enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

46.  A sale of services enabling Internet access constitutes "merchandise" within the meaning of Section 100.18(1).

47.  In failing to inform Plaintiff and the Class that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false

pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiff and the Class of a material fact in connection with the sale of merchandise in violation of § 100.18(1).

48. The aforementioned violations of the (state consumer protection law)., have caused Plaintiff and the Class substantial and ascertainable loss of money and/or property and other damages.

49. Plaintiff has been forced to hire attorneys to enforce her rights under the Merchandising Practices Act.

**COUNT IV**

**VIOLATION OF SECTION 421.102**

**Injunctive Relief**

50. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 51 of the Complaint.

51. AT&T continues to charge Plaintiff state and local sales tax on the sale of internet access.

52. The charging of state and local sales tax on the sale of internet access when no such tax is due is a violation of Section 421.102, as pleaded in Count III.

53. Section 421.102 permits the Court to enter injunctive relief to stop AT&T's violations of the law by continuing to charge state and local sales taxes on the sales of internet access.

**COUNT V**

**UNJUST ENRICHMENT UNDER STATE LAW**

54. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 55 of the Complaint.

9

55.  Under Wis. Stat. Ann. § 77.61, AT&T may deduct the greater 0.5% of the state sales tax it collects for itself or $10.00 per quarter, but not more than $1,000.00 per quarter and not more than the amount of state sales tax that is payable during that quarter, as administration expenses.

56.  On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

57.  AT&T collects this amount to the detriment of Plaintiff and members of the Class.

58.  AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

59.  As a result AT&T is unjustly enriched at the expense of Plaintiff and the Class.

60.  Accordingly, Plaintiff and the Class seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

**COUNT VI**

**INJUNCTIVE RELIEF**

61.  Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 62 of the Complaint.

62.  AT&T's continued charging of Plaintiff and the Class of state and local sales tax on the sale of internet access results in a continuing harm to Plaintiff and the Class in that Plaintiff and the Class must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

63.  Unless enjoined from doing so, AT&T will continue to collect from Plaintiff and the Class state and local sales tax on the sale of internet access.

64.  Plaintiff and the Class have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

65.  Plaintiff and the Class have no adequate remedy at law to stop the collection of such taxes.

10

66. Plaintiff and the Class seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

WHEREFORE, Plaintiff on behalf of herself and the Class seeks the following relief:

A.  Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.  Damages for Plaintiff and the Class in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the (state consumer protection law).

C.  Disgorgement of all funds collected by AT&T as state and local sales tax sales of internet access not remitted to the state of Wisconsin or any local taxing authority and return of such funds to the Plaintiff and members of the Class.

D.  An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.  Attorneys fees as permitted by either the common law, § (state law), or equity.

F.  Prejudgment interest in the statutory amount.

G.  All costs of this action recovery for which is permitted by law.

H.  Such other and further relief as the Court deems proper.

Respectfully submitted,

Thomas C. Koessl
Williams Montgomery & John Ltd.
233 S. Wacker Drive, Suite 6100
Chicago, IL 60606
312-443-3200
312-630-8557 (fax)
tck@willmont.com

Dean M. Trafelet (pro hac vice)
50 West Schiller
Chicago, IL 60610

Edward D. Robertson, Jr. (pro hac vice)
Mary D. Winter (pro hac vice)
Bartimus, Frickleton, Robertson & Gorny, P.C.
715 Swifts Highway
Jefferson City, Mo. 65109
573-659-4454
573-659-4460 (fax)
chiprob@earthlink.net
marywinter@earthlink.net


James P. Frickleton, (pro hac vice)
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Road
Suite 200
Leawood, KS 66211
913-266-2300
913-266-2366 (fax)
jimf@bflawfirm.com


Harry Huge (pro hac vice)
Theodore Huge (pro hac vice)
The Huge Law Firm LLC
Suite 3016
1080 Wisconsin Ave, N.W.
Washington, D.C. 20007
202-965-4672
harryhuge@comcast.net
thh@thehugelawfirm.com

ATTORNEYS FOR PLAINTIFFS

#836016